UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NASRULLAH NAWROZI,

Petitioner,

v.

WARDEN OF NWIPC ET AL.,

Respondents.

CASE NO. 2:26-cv-01752-JHC

ORDER

This matter comes before the Court on Nasrullah Nawrozi's Petition for Writ of Habeas Corpus. Dkt. # 6. Petitioner argues that he is entitled to release or a bond hearing because his ongoing detention "has become prolonged and is unconstitutional and unnecessary." *Id*. at 3. Respondents counter that the Court should deny habeas relief because Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is not unreasonably prolonged per the factors set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019). *See generally* Dkt. # 10. For the reasons below, the Court GRANTS the petition.

As Petitioner has not offered any argument concerning his detention authority, *see generally* Dkt., the Court assumes, without deciding, that Petitioner is detained under 8 U.S.C. § 1225(b)(1). In considering a challenge to mandatory detention under 8 U.S.C. § 1225(b)(1), courts in this district apply the 6-factor test from *Banda* to determine whether the noncitizen's

ongoing detention violates due process. *See Maliwat v. Scott*, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (collecting cases). Under this test, a court evaluates: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1106. But the first factor—the length of detention—is "the most important factor." *Id.* at 1118. And when the first factor favors the petitioner, and no factors favor the respondents, courts often conclude that the petitioner is detained in violation of the Due Process Clause and thus is entitled to an individualized bond hearing. *See, e.g.*, *id*. at 1120 (ordering a bond hearing because four factors support the petitioner, two are neutral, and none favor the respondents); *Maliwat*, 2025 WL 2256711, at *9 (ordering a bond hearing because two factors support the petitioner, four are neutral, and none favor the respondents).

The Court finds that, on balance, the *Banda* factors favor Petitioner. As for the first and most important factor—the length of detention—Petitioner has been detained for more than 18 months. *See* Dkt. ## 6 at 2; 10 at 2. Such a period is well within the range of detention that courts have found to be unreasonably prolonged. *See, e.g.*, *Maliwat*, 2025 WL 2256711, at *4 (concluding that detention for more than a year favors the petitioner and collecting cases). And Respondents themselves acknowledge that this factor weighs in Petitioner's favor. *See* Dkt. # 10 at 8. This factor thus clearly favors Petitioner.

The second factor—likely duration of future detention—also favors Petitioner. Petitioner's appeal to the Board of Immigration Appeals (BIA) has been pending since January 5, 2026. *Id.* Petitioner also states that if the BIA affirms his order of removal, he intends to seek review of the decision in the Ninth Circuit. *See* Dkt. # 6 at 3. Courts in this district have found

that the second factor favors the petitioner where, as here, the appeals process is underway and it is uncertain when the petitioner will receive a final decision on his appeal. *See*, *e.g.*, *Banda*, 385 F. Supp. 3d at 1119 (concluding that the second factor supports the petitioner because he recently filed a BIA appeal and the full appeals process will likely take more than two years to conclude); *see also* Dkt. # 10 at 8 (Respondents noting that "[i]t is unknown as to when the BIA will decide on Petitioner's appeal"). The Court thus concludes that if Petitioner is not granted relief, he will likely be detained for many more months, if not years, while his appeal is pending. So this factor favors Petitioner.

The third factor, meanwhile, appears to be neutral. Petitioner asserts that the conditions at the Northwest ICE Processing Center (NWIPC) are "like prison." Dkt. # 6 at 3. He also raises concerns regarding the water quality, his access to medical care, and his ability to practice his faith. *See id*. Respondents have partially rebutted these allegations with information concerning Petitioner's medical care and the general conditions at NWIPC. *See* Dkt. # 10 at 9–12; *see also* Dkt. ## 11 & 12. Petitioner has not responded to this evidence. *See generally* Dkt. Nor has he provided any other details or evidence concerning his conditions of confinement. *See id*. Even so, many courts in this district have recently concluded that the NWIPC's conditions are prison-like. *See, e.g.*, *Maliwat*, 2025 WL 2256711, at *6 (concluding that the "detention conditions at NWIPC are similar to those in many prisons and jails") (cleaned up and citation omitted); *Duvine v. Hermosillo*, 814 F. Supp. 3d 1230, 1235 (W.D. Wash. 2026) (same). On this record, then, the Court is unable to evaluate whether Petitioner's conditions of detention are prison-like, and so this factor is neutral.

The remaining *Banda* factors also appear to be neutral. In their response, Respondents concede that the fourth, fifth, and sixth *Banda* factors are neutral. *See* Dkt. # 10 at 13. And there are no facts in the record that would suggest that Petitioner or Respondents have caused any

unnecessary delays in the removal proceedings. *See generally* Dkt. Nor have the parties presented any evidence concerning the likelihood of a final order of removal. *See id.* The Court thus concludes that the last three *Banda* factors—delays in the removal proceedings caused by Petitioner, delays in the removal proceedings caused by Respondents, and the likelihood that the removal proceedings will result in a final order of removal—are neutral.

In sum, four *Banda* factors are neutral, none favor Respondents, and two favor Petitioner, including the first and most important factor. On this record, then, the Court is persuaded that Petitioner's ongoing detention has become unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. *See Banda*, 385 F. Supp. 3d at 1120; *see also Maliwat*, 2025 WL 2256711, at *9. Petitioner has thus shown, by a preponderance of the evidence, that he is "in custody in violation of the Constitution or laws or treaties of the United States" and so is entitled to habeas relief. 28 U.S.C. § 2241(c). Accordingly, the Court:

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 6);

(2) ORDERS Respondents to provide Petitioner with an individualized bond hearing on or before August 14, 2026. The bond hearing shall comply with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record of the hearing, and the government bears the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community. Should Respondents fail to provide Petitioner with such a bond hearing on or before August 14, 2026, Respondents shall release Petitioner within 24 hours under appropriate conditions of release.

(3) ORDERS Respondents to file a status report with the Court on or before August 17, 2026. The status report must detail if, and when, the bond hearing occurred. It also

must specify whether bond was granted or denied and, if denied, the reason for denial.

(4) DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of July, 2026.

John H. Chun
United States District Judge