UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NASRULLAH NAWROZI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF NWIPC ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-01752-JHC<br><br>ORDER |

This matter comes before the Court on Petitioner Nasrullah Nawrozi's Motion to Enforce Judgment. Dkt. # 17. The Court has considered the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion.

On July 30, 2026, the Court granted the petition for writ of habeas corpus (Dkt. # 6) and ordered Respondents to provide Petitioner with an individualized bond hearing on or before August 14, 2026 that complies with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) or alternatively, to release Petitioner within 24 hours under appropriate conditions of release. *See* Dkt. # 14 at 4; *see also* Dkt. # 15. A bond hearing was held for Petitioner on August 12, 2026 before Immigration Judge (IJ) Fitting. *See* Dkt. ## 17 at 2; 21 at 2; *see also* Dkt. # 18 at 2. At the end of the bond hearing, IJ Fitting denied bond, concluding that

Petitioner does not present a danger to the community but that he does present a flight risk. *See* Dkt. # 17-1; *see also* Dkt. # 18 at 2.

Petitioner now moves to enforce the Court's July 30, 2026 order. *See generally* Dkt. # 17. He says that although a bond hearing was held, Respondents did not comply with the Court's directive because they did not provide Petitioner with an individualized bond hearing that complied with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). *Id.* Specifically, he says that the bond hearing was deficient because the Government did not meet its burden of proving that he was a flight risk by clear and convincing evidence. *See id.* at 4–6.

Respondents counter that the Court should deny the motion for two reasons. First, they say that the Court should require prudential exhaustion. Dkt. # 21 at 2–4. But prudential exhaustion is not required where, as here, the court has jurisdiction to enforce its prior judgment.[1] And even if it were, courts in this district regularly waive prudential exhaustion when a petitioner is requesting review of a bond determination.[2] Respondents' prudential exhaustion argument thus does not provide a basis to deny this motion.

Second, they say that the Court should deny the motion because "Petitioner has received the relief granted in the Order—a constitutionally adequate bond hearing in which the Government provided a contemporaneous record of the bond hearing and established by clear

---

[1] *See, e.g.*, *Diallo v. Casey*, 2026 WL 1834391, at *2 (S.D. Cal. June 25, 2026) ("Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order."); *Laguna v. Hernandez*, 2026 WL 2516736, at *6 (W.D. Wash. Aug. 14, 2026) ("The Court retains jurisdiction to ensure compliance with its Order granting habeas relief in this case.").

[2] *See, e.g.*, *Scott v. Wamsley*, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026) (concluding that the *Puga* factors support waiver of prudential exhaustion); *Smith v. Hernandez*, 2026 WL 2085853, at *2–3 (W.D. Wash. Jul. 20, 2026) (same); *W.T.M. v. Bondi*, 2026 WL 262583, at *2–3 (W.D. Wash. Jan. 30, 2026) (same).

and convincing evidence that Petitioner is not entitled to release." Dkt. # 21 at 4–5. The Court disagrees.

A habeas court has jurisdiction to review an IJ's bond determination for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024). And while a federal court cannot reweigh evidence or set bond itself, it can determine whether there is any evidence in the record to support the IJ's bond determination. *See id.*; *see also Soto Gimenez v. Hernandez*, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("[B]ond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case.").

Here, however, there is no evidence in the record to support the IJ's determination that Petitioner is a flight risk. As made apparent from the contemporaneous record of the hearing, the only evidence presented by the Government in support of Petitioner being a flight risk is that: (1) Petitioner entered the United States without inspection in January 2025; and (2) Petitioner has a final order of removal. *See* Dkt. # 17-1. But the Ninth Circuit has explicitly held that a final order of removal does not, by itself, constitute "clear and convincing evidence" of flight risk. *See Singh*, 638 F.3d at 1205. Additionally, Petitioner's counsel presented considerable evidence showing that he does not present a flight risk, including his substantial ties to the community, the citizenship status of his family members, and his lack of criminal history. *See* Dkt. # 17-1. The Government did not present evidence to rebut this evidence, nor did the IJ make any attempt to engage with this evidence or the *Guerra* factors. *See id.* Petitioner's bond hearing thus clearly failed to comply with the procedural requirements mandated by this Court's July 30, 2026 order,[3] and so Petitioner is entitled to release. *See, e.g.*, *Tavurov v. Noem*, 2026 WL 1283513, at

[3] *See, e.g.*, *Chen v. Blanche*, 2026 WL 2654890, at *7 (W.D. Wash. Sept. 9, 2026) (concluding that the IJ abused its discretion by failing to "explain how the factors he considered established a flight

*10 (W.D. Wash. May 11, 2026) (collecting cases ordering immediate release after finding abuse of discretion in bond denials).

Accordingly, the Court:

(1) GRANTS Petitioner's Motion (Dkt. # 17);

(2) ORDERS Respondents to release Petitioner within 24 hours under appropriate conditions of release. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf shall be prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of September, 2026.

John H. Chun
United States District Judge

---

risk" and failing "to engage whatsoever with the factors weighing against such findings"); *Abdelmasseh v. Hermosillo*, 2026 WL 1493322, at *3 (W.D. Wash. May 26, 2026) (granting motion to enforce because "Respondents identify no evidence submitted by the government that could, standing alone, satisfy a clear-and-convincing standard against this sponsorship and community-support record.").